John M. Tregoning and Mabel A. Tregoning v. Commissioner.
Tregoning v. Commissioner
Docket No. 28824.
United States Tax Court
1952 Tax Ct. Memo LEXIS 27; 11 T.C.M. (CCH) 1175; T.C.M. (RIA) 52339; November 28, 1952
Ellsworth T. Simpson, Esq., 1406 G St. N. W., Washington, D.C., for the petitioners. E. M. Woolf, Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion HARRON, Judge: Memorandum Findings of Fact and Opinion in this proceeding was entered on April 18, 1952; decision is to be entered under Rule 50. No decision has been entered. Because the parties have disagreed about recomputation of deficiencies for the taxable years under their respective Rule 50 recomputations, which have been filed, it becomes necessary for the Court to make additional and supplemental Findings of Fact, and to consider an additional issue. The taxable years involved in this proceeding are 1944, 1945, 1946, 1947, and 1948. With respect to *28 the years 1944 and 1945, the three-year period of limitation upon assessment had expired before the date of the notice of deficiency. Section 275 (a) of the Code. The question to be decided is whether the facts in this proceeding establish, under section 275 (c) of the Code, the exception to the limitation provided by section 275 (a), so that assessment properly can be made for 1944 and 1945 within five years from the filing of the returns for 1944 and 1945. Supplemental Findings of Fact 1. The useful life of a barn constructed in 1945, at a cost of $4,400, is 40 years; and the amount of annual depreciation which is deductible in each of the taxable years is $110. 2. The useful life of cows owned in each taxable year is four years. The amounts of annual depreciation of cows deductible in the taxable years are as follows: 1944
$2,675.00
1945
4,375.00
1946
4,950.99
1947
3,755.25
1948
4,325.25
3. The reserve for depreciation of cows in each of the taxable years is as follows: 1943
$ 2,250.00
1944
4,925.00
1945
9,300.00
1946
14,250.99
1947
18,006.24
1948
22,331.49
4. The petitioners filed their joint return for 1944 with the *29 collector for the district of Maryland on January 15, 1945; and they filed their joint return for 1945, on February 11, 1946. The notice of deficiency was mailed on March 13, 1950. 5. In the return for 1944, the petitioners stated that gross income for 1944 was $19,517.96. Twenty-five per cent of the amount of gross income stated in the return is $4,879.49. 6. In the return for 1945, the petitioners stated that gross income for 1945 was $26,908.63. Twenty-five per cent of the amount of gross income stated in the return is $6,727.16. 7. The petitioners did not omit from gross income for 1944, and for 1945, an amount properly includible therein, in each year, which is in excess of 25 per cent of the amount of gross income stated in the return for each year. 8. The notice of deficiency was not mailed until after 3 years from the filing of each return for 1944 and for 1945. Supplemental Opinion The respondent has affirmatively alleged that petitioners omitted from gross income for 1944 and 1945, amounts in excess of 25 per cent of gross income stated in the return. The respondent has the burden of showing an exception to section 275 (a) of the Code, under section 275 (c). See *30 , and cases cited there; and . The respondent has not discharged his burden of proof with respect to each of the years 1944 and 1945. The income of petitioners for 1944 and 1945 is properly determined by use of the increase in net worth method. Respondent has used that method in reconstructing the income of petitioners for 1944 and 1945. But one of the items in constructing net worth, a substantial one, is reserve for depreciation of cows, and that item is in issue for each of the taxable years. The respondent introduced no evidence relating to this item. The petitioner, John M. Tregoning, has testified about the useful life of cows, in his operation of his dairy farms, which stands uncontradicted and unrefuted. We accept his sworn testimony, therefore, on this point. The petitioners claim annual depreciation on cows in the taxable years on the basis of useful life of four years. It has been found as a fact, and it is held, that the annual deductions for depreciation of cows in the taxable years amount to $2,675, in 1944; $4,375, in 1945; $4,950.99, in 1946; $3,755.25, in 1947, and *31 $4,325.25, in 1948; and that the reserve for depreciation in each of those years amounts to $4,925, $9,300, $14,250.99, $18,006.24, and $22,331.49, respectively. The net worth of petitioners for 1943, 1944, and 1945, the increase in net worth for 1944 and 1945, and the net worth income for 1944 and 1945 have been computed by petitioners including depreciation reserve in the amounts set forth in the findings of fact. The net worth income for 1944 and 1945, when compared with the amounts of gross income stated by petitioners in their returns for 1944 and 1945, is not more than 25 per cent in excess of the gross income reported in the returns; or, in another manner of statement, the maximum amount of income omitted from gross income for 1944 and for 1945 was not in excess of 25 per cent of the amount of gross income stated in each return for 1944 and 1945. It is held, therefore, that section 275 (c) is inapplicable to 1944 and 1945, and that assessment and collection of deficiencies for 1944 and 1945 are barred by the limitation provided in section 275 (a). The amounts of the deficiencies for 1946, 1947 and 1948 have been re-computed properly by the petitioners under Rule 50, the *32 petitioners having properly used a useful life of 4 years in computing the rate of depreciation and the amounts of the annual deductions for depreciation of cows. The respondent arbitrarily used a useful life of 8 years in computing the rate of depreciation and the amounts of the annual depreciation deductions. There is no evidence to sustain his use of 8 years as the useful life of petitioners' cows, and, to the contrary, there is support for petitioners' use of 4 years as the useful life of cows for arriving at the rate of depreciation. The respondent did not introduce any evidence to support his use of a depreciation rate based on useful life of 8 years. After hearing of the parties on their respective Rule 50 recomputations, the petitioners' recomputations of their income tax deficiencies are approved, and respondent's recomputations are held to be in error. Decision will be entered that there be no deficiencies in income tax for 1944 and 1945; and that there are deficiencies for 1946, 1947, and 1948, in the amounts of $2,309.15, $2,258.39, and $2,730.08.